Filed 10/27/22  P. v. Campos CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DANIEL CAMPOS,<br><br>    Defendant and Appellant. | C095280<br><br>(Super. Ct. No. STK-CR-FE-2013-0006470) |

       This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  For the reasons we explain, this appeal shall be dismissed.

# FACTUAL AND PROCEDURAL BACKGROUND

The People's amended information charged defendant Daniel Campos with attempted murder (Pen. Code, §§ 664/187;[1] count 1), assault with a semiautomatic weapon (§ 245, subd. (b); count 2), and willful participation in a criminal street gang (§ 186.22, subd. (a); count 3). The amended information further alleged enhancements that included the use of a firearm (§ 12022.53, subds. (b)-(e)), infliction of great bodily injury (§ 12022.7), that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)), and that the murder was punishable by death and imprisonment for life and that defendant had been 14 years old at the time he committed the charged offenses. (Welf. & Inst. Code, § 707, former subd. (d)(2)(a).)

On February 19, 2015, defendant resolved this criminal matter by pleading guilty to attempted murder with a firearm enhancement and participation in a criminal street gang, as well as admitting the allegations under Welfare and Institutions Code former section 707. The remaining count and allegations were dismissed and/or stricken, and he received a prison sentence of 17 years 8 months. Defendant did not appeal this sentence, which became final in 2015 when the time to seek certiorari in the Supreme Court of the United States passed. (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206 (*Lizarraga*) ["A 'judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' "].)

In November 2016, the electorate passed Proposition 57, which required prosecutors to seek approval from the juvenile court prior to trying juvenile offenders as adults. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305.) In *Lara*, our high court determined Proposition 57 applied "to all juveniles charged directly in adult court

---

[1] Further undesignated statutory references are to the Penal Code.

whose judgment was not final at the time it was enacted." (*Lara*, at p. 304.)  It does not apply to final judgments.  (*Lizarraga, supra*, 56 Cal.App.5th at pp. 207-208.)

Similarly, Senate Bill No. 1391 (2017-2018 Reg. Sess.) went into effect on January 1, 2019, and "amended Proposition 57 by eliminating the transfer of juveniles accused of committing crimes when they are 14 or 15 years old, unless they are first apprehended after the end of juvenile court jurisdiction.  (See Welf. & Inst. Code, § 707, subd. (a)(1)-(2), as amended by Stats. 2018, ch. 1012, § 1.)" (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 89.)  This legislation has also been held to apply to nonfinal judgments.  (*People v. Superior Court (I.R.)* (2019) 38 Cal.App.5th 383, 393.)

Thereafter, on February 3, 2020, defendant filed a motion in propria persona seeking a *Franklin*[2] hearing, which the trial court granted.  Defendant later supplemented this request with a motion to remand the matter to the juvenile court in light of the passage of Proposition 57 and Senate Bill No. 1391.  The People opposed defendant's remand request, arguing defendant's sentence was final, and thus, he was ineligible for relief.  On November 29, 2021, deciding only defendant's remand request, the trial court denied defendant's motion.  Defendant timely appealed, and appellate briefing in this matter was completed on September 12, 2022.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date the opening brief was filed and has not done so.

---

[2]  *People v. Franklin* (2016) 63 Cal.4th 261.

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) Our Supreme Court is currently considering whether, and to what extent, this limited right to review extends to appeals from postjudgment orders such as this one. (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.)

In the interim, we follow the numerous intermediate courts that have agreed a defendant appealing from an order denying postconviction relief is not entitled to our independent review of the record pursuant to *Wende*. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113, review granted May 12, 2021, S267870; *People v. Freeman* (2021) 61 Cal.App.5th 126, 133; *People v. Serrano, supra*, 211 Cal.App.4th at p. 503.)

Here, defendant's counsel has sought *Wende* review of the trial court's denial of defendant's request to remand his then-final case to juvenile court for a transfer hearing. Defendant has not filed a supplemental brief, and we believe this is precisely the kind of appeal that should be dismissed as abandoned. (See *People v. Cole, supra*, 52 Cal.App.5th at p. 1039, review granted; *People v. Figueras, supra*, 61 Cal.App.5th at pp. 112-113.) Nonetheless, we note given the procedural posture of defendant's case, he was not entitled to the relief he sought. (See *Lizarraga, supra*, 56 Cal.App.5th at p. 207 [grant of a *Franklin* hearing does not operate to reopen a final judgment].)

4

## DISPOSITION

The appeal is dismissed.

/s/
HOCH, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
EARL, J.

5